EVANDER, J.,
dissenting.
I respectfully dissent. The release language agreed to by the parties is extremely broad. By contrast, the “carve-out” provision is rather narrow:
This settlement is not intended to release any vested benefits, pension or health insurance benefits.
In the action below, Dobek sought damages under theories of negligence, breach of contract, and fraud as a result of the City’s purported failure to properly enroll Dobek in the FRS. The majority appears to acknowledge that, absent consideration of extrinsic circumstances, Dobek’s claim(s) would not fall within the express language of the “carve-out” provision. Thus, the issue is whether extrinsic circumstances created a latent ambiguity in the release provisions of the settlement agreement.
In my opinion, there is no latent ambiguity. The relevant extrinsic circumstances did not provide any basis to refuse to honor the intentions of the parties as manifested through the clear and unambiguous language of the settlement agreement. The relevant extrinsic circumstances are that the parties, through their respective counsel, were negotiating a settlement of Dobek’s workers’ compensation claim. As observed by the majority, the parties were aware that Dobek had a potential claim against the City arising out of the City’s alleged failure to properly enroll Dobek in the FRS.
Given these circumstances, Dobek could have readily insisted that the settlement agreement contain language expressly excluding this known potential claim from the release provisions. No such language was inserted even when the parties were making handwritten changes to the “carve-out” provision. The “carve-out” provision does reflect an intent on the part of Dobek to preserve his right to bring an action against other parties for “vested benefits, pension or health insurance benefits.” Additionally, any potential claim Dobek might have against the City for items such as accrued vacation time or outstanding medical bills not yet paid under the City’s health insurance plan would come within the ambit of the “carve-out” clause. However, based on the language utilized by the parties, the “carve-out” provision does not reflect an intent to permit Dobek to bring a subsequent action against the City for negligence, breach of contract, or fraud.
The majority’s decision effectively rewrites the parties’ contract to the City’s detriment. According to the City, it would not have agreed to a $138,250.00 settlement payment if Dobek would still have the right to pursue the instant action.
I would affirm.